EMMA R. STARRETT, EXECUTRIX

*vs.*

INHABITANTS OF TOWN OF THOMASTON ET ALS.

Knox.      Opinion May 19, 1930.

*Charles T. Smalley,* for plaintiff.
*Ensign Otis,* for Town of Thomaston.
*Edward C. Payson,* for Georges National Bank.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farrington, JJ. Morrill, A. R. J.

Pattangall, C. J.   On exceptions. Action of debt on review bond. Judgment below for plaintiff.

In 1924, following a petition filed with the State Highway Commission by the selectmen of the defendant town, the construction of a bridge was authorized under the provisions of Chap. 193, P. L., 1923. By the raising of the grade of the highway made necessary by the building of the bridge, plaintiff's testate sustained damage to his property and filed claims for reimbursement therefor with the selectmen of Thomaston and with the Highway Commission. The latter board denied liability; the former awarded him $300. From both decisions, he appealed to the Supreme Judicial Court and in 1926 commissioners were appointed who assessed the damage at $3,150.00, leaving the court to determine whether the municipality or the state was liable.

The cause was then reported to the Law Court, which decided that the town was liable and ordered judgment to issue against it for the amount fixed by the commissioners. *Starrett* v. *Inhabitants of Thomaston,* 126 Me., 205. Execution issued in April, 1927, and plaintiff's testate undertook to collect same by levying on the property of a taxpayer of Thomaston. A bill in equity was filed to prevent the enforcement of the judgment. Defendant demurred. The demurrer was sustained and bill dismissed. *Copeland et als* v. *Starrett,* 127 Me., 18. In November, 1927, Starrett died. In 1928

petition for review was filed, this plaintiff being made defendant. Petition was dismissed at *nisi prius*, and the action of the lower court affirmed by the appellate court. *Inhabitants of Thomaston* v. *Starrett, Executrix*, 128 Me., 328.

The instant case is brought to recover for breach of the bond given in this latter case. In defense to this action, it is urged that this court erred in finding for plaintiff in the original case, *Starrett* v. *Thomaston*, supra. It was on this ground that review was asked. Review was denied. Those matters which might properly have been considered by the court in former proceedings either in the original case or on petition for review are not open to defendants here.

Defendants' pleadings amount to a petition for a rehearing. "In this state there is no provision by statute or rule for a rehearing by the Law Court after a decision rendered." *Booth Bros.* v. *Hurricane Island Granite Co.*, 115 Me., 90. And although in that case and in *Insurance Co.* v. *Tremblay*, 101 Me., 590, it is intimated that under certain circumstances, review might lie, even after such final decision, it has never heretofore been suggested that a cause could be reconsidered on its merits after this court had finally acted and after petition for review had been denied. Litigation may not be prolonged indefinitely.

Defendants raise but one question not covered by previous decisions in this long drawn out controversy. On the authority of *Hayford* v. *City of Bangor*, 103 Me., 434, they contend that on the death of plaintiff's testate, his appeal from the original estimate of damages by the municipal officers of Thomaston abated and that "the present judgment, having been obtained by a party outside the jurisdiction of the court," is invalid and a bond based upon it is without standing.

*Hayford* v. *Bangor*, supra, decided that the right of appeal from the estimate of damages by municipal officers for land taken for a public use is solely a statutory right and that as there is no statute providing for the survival of such an appeal, proceedings under it can not be carried on by those succeeding to the estate or interest of a deceased appellant. The sound reasoning of that opinion is beyond criticism.

But it is not applicable here. In the instant case, plaintiff's tes-

tate did not die while his appeal was pending. Final decision by this court, affirming the finding in his favor by commissioners who under the direction of the court heard his appeal and awarded him the damages now claimed by his executrix, was rendered in April, 1927. Starrett died in the following November. That judgment was obtained by him, not by plaintiff. His right to the amount of the award had vested at the time of his death. It may be recovered by his representatives.

*Exceptions overruled.*